UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Docket No. 3:13CV106(EBB) |
| COREY BROWN | : | |

RULING ON MOTION FOR HABEAS CORPUS RELIEF

Petitioner, Corey Brown ("Brown"), moves, *pro se*,[1] pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241(c)(3), to vacate, correct or set aside his sentence. Brown acknowledges that his § 2255 petition is untimely under the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), but maintains the procedural time bar is equitably excused by his actual innocence. He also maintains that, should this Court find his § 2255 petition time barred, his claims may properly be brought under 28 U.S.C. § 2241(c)(3) because § 2255 would therefore be inadequate or ineffective to test the legality of his detention.

For the following reasons, Brown's motion for habeas corpus [doc. #1] is DENIED. In addition, his motion for appointment of counsel [doc. #5] is DENIED as well.

*Background*

On February 7, 2005, Brown pleaded guilty to one count of an indictment charging him with possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Before Brown entered his guilty plea, the government filed a second offender notice based on his prior state narcotics convictions, thereby increasing his maximum sentence to twenty years' incarceration. In connection with his guilty plea, Brown

---

[1]Because Brown is proceeding *pro se*, the Court reads his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145–46 (2d Cir. 2002)).

and the government entered into a written plea agreement which stipulated that: (1) Brown's conduct involved more than 150 grams of crack cocaine; (2) Brown was a career offender pursuant to U.S.S.G. § 4B1.1; (3) Brown's applicable guideline sentencing range was between 262 and 327 months' imprisonment based on a base offense level of 37, a total offense level of 34 (after a three-level reduction for acceptance of responsibility) and a Criminal History Category ("CHC") VI, as a result of his career offender classification.

Brown's presentence report ("PSR") found that his base offense level was 34 according to the parties' stipulation as to the quantity of crack cocaine. The PSR also concluded that, as Brown had stipulated in his plea agreement, he was a career offender because of his two prior state narcotics convictions, which increased his adjusted offense level to 37. After a three-level reduction for acceptance of responsibility, his resulting total offense level was 34. Because of Brown's career offender classification, his CHC was VI. These calculations resulted in an advisory guideline sentencing range of 262 to 327 months.

At sentencing on July 25, 2006, this Court found that Brown was a career offender under U.S.S.G. § 4B1.1 and his applicable guideline sentencing range was 262 to 327 months. The Court granted the government's motion for a downward departure and sentenced Brown to 180-months' imprisonment, a non-guidelines sentence that was 82 months below the bottom of his applicable guideline range and 60 months below the statutory mandatory minimum.

Brown appealed his sentence.[2] On November 6, 2007, the Second Circuit

---

[2]On appeal, Brown challenged his career offender designation on the ground that it overstated the seriousness of his past criminal conduct. The Second Circuit found no error in the Court's finding that he was appropriately classified as a career offender. United States v. Brown,

affirmed his sentence, but entered a limited remand directing the Court to issue an amended judgment noting that in sentencing Brown to 180 months, it made a downward departure pursuant to the government's motion. United States v. Brown, 254 F. App'x 840 (2d Cir. 2007). The amended judgment was entered on November 8, 2007.

On March 17, 2008, Brown filed a motion pursuant to 18 U.S.C. § 3582(c) for a reduction in sentence pursuant to the November 1, 2007 retroactive amendment to the sentencing guidelines for crack cocaine offenses ("Amendment 706"). The Court denied Brown's motion for a reduced sentence because he had been sentenced as a career offender and thus his guideline sentencing range was not affected by Amendment 706.

On April 10, 2012, Brown filed a motion for an amended judgment pursuant to Fed. R. Civ. R. 59(e) asserting that a reduced sentence was warranted because he was improperly sentenced as a career offender under United States v. Savage, 542 F.3d 959, 965-67 (2d Cir. 2008) (holding that a previous conviction under Conn. Gen. Stat. § 21a-277(b) based on an Alford plea was not categorically a controlled substance conviction as that term is defined in the sentencing guidelines because that statute criminalizes some conduct that falls outside the guidelines' definition). The Court denied his motion on August 30, 2012.[3] Brown timely

---

254 F. App'x 840, 842 (2d Cir. 2007).

[3]In its ruling denying Brown relief under Rule 59, the Court noted that "even if Brown had couched his instant challenge to his career offender designation as a petition under § 2255, it would be denied as untimely because the strict one-year limitations period for filing such a motion has long since passed and there are no grounds for equitable tolling. See Tellado v. United States, 799 F. Supp.2d 156 (D. Conn. 2011), *appeal docketed*, No. 11-3227 (2d Cir. Aug. 8, 2011). As the court held in Tellado, "the change in the law occasioned by Savage did not create a new 'fact' for the purpose of § 2255(f)(4)" which extends the date a conviction is deemed final for the purpose of determining timeliness of a § 2255 petition, id. at 162, nor did the Savage decision constitute a rare and exceptional circumstance justifying equitable tolling of the one-

filed an appeal. While his appeal was pending, Brown filed the instant habeas petition. On June 9, 2014, the Second Circuit dismissed his appeal on the government's motion for summary affirmance, holding that there was no error in this Court's ruling and that this Court was not required to convert Brown's Rule 59(e) motion into one brought under § 2255. It also noted that, because this Court had not converted his Rule 59 motion to one brought under § 2255, his § 2255 motion, which had been filed during the pendency of his appeal, was not a second or successive motion.

*Discussion*

The premise of Brown's claim for habeas relief is that, pursuant to United States v. Savage, 542 F.3d 959 (2d Cir. 2008), he was erroneously sentenced as a career offender because his 1997 predicate state conviction does not, under current law, qualify as a controlled substance offense under U.S.S.G. § 4B1.1. Specifically, Brown maintains that his 1997 Connecticut narcotics conviction under Conn. Gen. Stat. § 21a-277(b) was based on an Alford plea and the government had not presented any court documents or other evidence confirming that it necessarily rested on facts that would make it a controlled substance offense as required by Shepard v. United States, 544 U.S. 13, 24-26 (2005), and thus it was not a proper predicate controlled substance offense under the career offender guidelines. As a result, he maintains that he must be re-sentenced without the career offender enhancement. To avoid AEDPA's one-year time bar for filing habeas petitions, Brown asserts that, pursuant to Savage, he is actually innocent of being a career offender and his case comes within the

---

year limitations period. Id. at 162-65." United States v. Brown, No. 3:04CR179(EBB), ECF No. 82, at *4 (D. Conn. Aug. 30, 2012).

equitable exception for actual innocence. If, however, this Court disagrees and finds his late filing is not excused, then Brown contends he is entitled to relief under § 2241(c)(3) because of his actual innocence and § 2255 is inadequate or ineffective to challenge the legality of his detention.

Brown's reliance on actual innocence is unavailing, not only to excuse the procedural time bar, but also as support for the relief he seeks.

*Timeliness of the Petition/Actual Innocence*

There is no dispute that Brown's motion is time barred by AEDPA's one-year statute of limitations for habeas corpus petitions. Moreover, Brown appears to concede that he cannot make the required showing that rare and extraordinary circumstances prevented him from timely filing his petition, thereby entitling him to equitable tolling. Rather, Brown contends that his case warrants an equitable exception to the statutory time bar on the grounds that he is actually innocent of being a career offender.

The Court agrees that, in certain circumstances, a claim of actual innocence can serve as a gateway by which district courts may hear procedurally defaulted constitutional claims on the merits. Rivas v. Fischer ( Rivas II), 687 F.3d 514, 539, 552 (2d. Cir. 2012) ( holding that a compelling showing of actual innocence can overcome a time barred habeas motion);[4] see also Schlup v. Delo, 513 U.S. 298, 314-15 (1995). There are no credible and compelling circumstances presented in this case.

---

[4]In Rivas II, the Second Circuit, as a matter of first impression, recently held that a credible and compelling showing of actual innocence under the standard of Schlup warrants an equitable exception to AEDPA's limitation period allowing a petitioner to have his otherwise procedurally time-barred habeas claims heard on the merits. 687 F.3d at 539-40.

*Actual Innocence - Legal*

Although Brown says his claim is one of factual innocence -- *i.e.*, that he is factually innocent of being a career offender because there is only one proper predicate controlled substance conviction supporting his career offender sentence enhancement, -- the law sees it otherwise, -- *i.e.*, as asserting a claim of legal innocence. The difference is significant and dispositive.  Smith v. Murray, 477 U.S. 527, 537-39 (1986); Darby v. United States, 508 F. App'x 69, 71 (2d Cir. 2013) (noting that the actual innocence exception does not apply where the petitioner merely makes a legal argument).

"Actual innocence in a noncapital case means that the defendant did not commit the crime." Williams v. United States, 117 F. App'x 132 (2d Cir. 2004) (holding that an error in classifying a defendant as a career offender raises only a legal argument); accord Sawyer v. Whitley, 505 U.S. 333, 341 (1992) (stating that the actual innocence exception is "very narrow" and "is concerned with actual as compared to legal innocence."); Darby, 508 F. App'x at 71 (same).

Here, Brown claims there was an insufficient factual basis for finding that his 1997 Connecticut narcotics conviction qualified as a controlled substance offense under the career offender guidelines.  This is a technical legal argument and, as such, can not serve as a basis for applying the actual innocence exception.  Darby, 508 F. App'x at 71 (clarifying that the actual innocence exception does not apply where defendant was found guilty of the predicate offense that led to his enhanced federal sentence).  Indeed, the Second Circuit has expressly rejected the argument that "misclassification as a career offender is equivalent to a claim of actual innocence." Poindexter v. Nash, 333 F.3d 372, 380 (2d Cir. 2003).

6

Accordingly, Brown's claim of actual, legal innocence is unavailing and does not serve as an equitable exception to the statutory time bar allowing this Court to consider the merits of his habeas motion.

### *Actual Innocence - Factual*

To the extent that Brown is alternatively, or additionally, asserting a claim of actual, factual innocence to avoid the statutory time bar, his claim is similarly unavailing.

To present a successful gateway claim of actual, factual innocence, a petitioner must present credible and reliable new evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence not presented at trial, Schlup, 513 U.S. at 324, and demonstrate that, more likely than not, in light of that evidence, any reasonable juror would have reasonable doubt about his guilt. Rivas II, 687 F.3d at 541-43. Brown has not made this required showing. He merely asserts that, as stated in his PSR, according to the police report of his arrest for that crime, he was merely found in possession of marijuana during a search of his girlfriend's apartment and there was no evidence that he possessed it with intent to sell or distribute it despite his guilty plea to that effect.

Because this claim does not satisfy Brown's burden of producing credible and reliable new evidence that he was not guilty of the crime to which he pleaded guilty, his untimely habeas petition is not equitably excused under a claim of actual, factual innocence.

### *Relief is Not Available Under 28 U.S.C. § 2241(c)(3)*

Although a habeas petitioner is generally required to use § 2255 to challenge the constitutionality of his sentence, in certain, limited circumstances he may seek relief under § 2241 "where relief through § 2255 is unavailable as a procedural matter and the failure to

7

allow for collateral review would result in serious constitutional questions" which inherently results in a miscarriage of justice. Poindexter, 333 F.3d at 377. To satisfy this requirement, a petitioner must make a showing of actual innocence that (a) is provable on the existing record, and (b) could not have effectively been raised at an earlier time. Id.; see also Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997). Brown has not, nor could he, meet this standard, and thus his claim does not warrant review under § 2241.

First, Brown can not establish that § 2255 is an inadequate or ineffective remedy to test the legality of his detention. It is settled law that § 2255 is not inadequate or ineffective simply because it is procedurally defaulted or time barred under AEDPA's one-year statute of limitations. Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001); Pollack v. Hobbs, 8 F. App'x 37, 38 (2d Cir. 2001). Second, Brown has not, nor can he, assert a claim of actual innocence. In this context, actual innocence means the petitioner did not commit the crime of which he was convicted in the underlying federal case, not merely that he is actually innocent of being a career offender. Poindexter, 333 F.3d at 382 (noting that a claim of actual innocence of a career offender enhancement is not a claim of innocence of the crime of conviction and thus is not a claim warranting review under § 2241). As previously discussed, Brown does not claim he is actually innocent of the crime of which he was convicted and sentenced in this case.

Accordingly, Brown is not entitled to seek habeas relief under § 2241(c)(3).

*Merits of Brown's Claim/Actual Innocence Not a Cognizable Freestanding Claim*

Nonetheless, even if Brown were able to satisfy the Schlup standard for habeas review of a procedurally barred claim by presenting a credible and compelling claim of actual

innocence, he must also advance a legitimate, substantive constitutional claim to be entitled to habeas relief. Rivas II, 687 F.3d at 541. "It is the combination of the two claims -- that the petitioner is likely innocent and that his conviction was likely the result of non-harmless constitutional error -- that permits a habeas court to review the petition notwithstanding procedural obstacles in order to avoid a miscarriage of justice." Id. at 540-41. As the Supreme Court and Second Circuit have noted, a claim of actual innocence is procedural, not substantive. Schlup, 513 U.S. at 314 (noting that a petitioner's "claim of innocence does not by itself provide a basis for [habeas] relief"); Rivas II, 687 F.3d at 541. A petitioner raising a claim of actual innocence does not seek to have his conviction vacated on grounds of innocence; rather, he seeks to create sufficient doubt about his guilt so that the habeas court will permit him to pursue his accompanying constitutional claims despite an otherwise applicable procedural bar. Rivas II, 687 F.3d at 541.

     Indeed, as a substantive matter, in the context of federal habeas corpus review, actual, factual innocence of a predicate state conviction used to enhance a federal sentence is not a cognizable claim. A federal habeas petitioner does not qualify for habeas relief solely on a showing of actual innocence. Id. at 540; Herrera v. Collins, 506 U.S. 390, 401 (1993) (holding that claims of actual innocence have never been held to state a ground for federal habeas relief absent an independent Sixth Amendment violation that occurred in the underlying state criminal proceeding). Thus, notwithstanding the fact that Brown has failed to establish actual innocence as an equitable exception allowing this Court to entertain his habeas motion on the merits, § 2255 does not afford him a forum to attack the lawfulness of his prior state convictions simply because that conviction was used in his federal sentencing

9

calculation.  Jeremiah v. United States, No. Civ. 3575(SHS), 2007 WL 2915183, at *1 (S.D.N.Y. Oct 3, 2007) (citing Daniels v. United States, 532 U.S. 374, 382 (2001) ("a defendant may not collaterally attack the validity of a prior state conviction used to enhance his federal sentence through a motion under § 2255" unless that conviction resulted from the denial of the right to counsel)).  This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact.  Herrera, 506 U.S. at 400.  A claim of actual innocence is not itself a constitutional claim, but is only a gateway through which a habeas petitioner must pass to have his procedurally barred constitutional claims considered on the merits.  Id. at 404.

  Only if Brown had successfully attacked his 1997 Connecticut narcotics conviction on direct or collateral review in the appropriate forum could he now seek habeas review of his allegedly improper federal sentence that was enhanced on account of it.  Daniels v. United States, 352 U.S. 374, 382 (2001); Curtis v. United States, 511 U.S. 485, 493, 496-97 (1994); United States v. Jones, 27 F.3d 50, 52 (2d Cir. 1994).  Because he did not do so, any claim that he is factually innocent of the 1997 Connecticut narcotics conviction because he only possessed a small quantity of marijuana without any evidence that he intended to sell or distribute it, would not be cognizable on federal habeas review of his federal sentence.

  Simply put, on federal habeas review of a federal sentence, a petitioner can not collaterally attack the validity of a predicate state conviction that was used for federal sentence enhancement purposes unless that conviction was obtained in violation of the Sixth Amendment.  If a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the petitioner failed to pursue those

remedies in the proper forum when they were available, or because he did so unsuccessfully, then he can not do so in the context of a habeas challenge to his enhanced federal sentence. This is not to say that, if a petitioner such as Brown, had successfully challenged his predicate state conviction in the appropriate forum, he could not apply to reopen the federal sentence that was enhanced on account of it.  United States v. Doe, 239 F.3d 473, 475 (2d Cir. 2001).

Moreover, insofar as claims regarding a sentencing court's error in applying the sentencing guidelines are neither constitutional nor jurisdictional, absent a complete miscarriage of justice, they may not be considered on a § 2255 motion.  Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996); United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995). Because Brown has not raised a constitutional error, a lack of jurisdiction in the sentencing court or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice, he is not be entitled to habeas corpus relief even if his petition had been timely filed or his untimely filing had been equitably excused.

*Brown Is Not Entitled To Appointment of Counsel or a Hearing*

There is no Constitutional right to counsel in habeas proceedings.  Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987).  However, under the Criminal Justice Act, a district court may appoint counsel "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  There are several factors to consider in determining whether the interests of justice require the appointment of counsel, including the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case.  Cf. Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986).  Here, the Court has considered these factors and has

determined that Brown's petition is without merit and, on that basis, finds that he is not entitled to the appointment of counsel.

Further, where a habeas petition fails to put forth meritorious allegations that can be established by competent evidence, a district court may decide the motion without conducting a hearing. In this case, the pleadings also show that Brown is not entitled to relief, the Court is within its discretion in denying his habeas motion without a hearing. Machibroda v. United States, 368 U.S. 487, 495 (1962); United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990).

## *CONCLUSION*

For the foregoing reasons, Brown's motion for habeas corpus pursuant to 28 U.S.C. § 2255 and/or 28 U.S.C. § 2241(c)(3) [doc. #1] is DENIED. Brown's motion for appointment of counsel [doc. #5] is also DENIED.

Because Brown has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2).

SO ORDERED.

    /s/
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 30th day of July, 2014 at New Haven, Connecticut.